UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------X
KIRBYKO MUSIC LLC,                            Case No.:  16-CV-00302

                          Plaintiff,

                                              **COMMPLAINT AND DEMAND**
              v.                              **FOR JURY TRIAL**


PARADISE ADVERTISING & MARKETING,
INC.,

                          Defendant.
X------------------------------------------------------X

          Plaintiff, Kirbyko Music LLC, ("Plaintiff") by its attorneys, Adelman Matz, P.C.,

for its complaint against Paradise Advertising & Marketing, Inc. ("Paradise" or

"Defendant") alleges as follows:

## NATURE OF THE CASE

          1.     This is an action by Plaintiff for copyright infringement, under the

Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, based on the knowing and willful conduct

by the Defendant infringing Plaintiff's copyrights in certain musical compositions and

sound recordings.

## JURISDICTION AND VENUE

          2.     This Court has federal question jurisdiction over the subject matter of this

action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action alleges violations

of federal statutes including the Copyright Act of 1976, 17 U.S.C. §§101, *et seq*.

          3.     The Court has personal jurisdiction over the Defendant because upon

information and belief, Defendant conducts substantial business within the State of New

York; Defendant transacts significant business within the State including but not limited

to, by targeting New York State citizens with the Infringing Advertisements (as defined

below); Defendant has committed tortious acts within the State including but not limited

to by infringing Plaintiff's copyrights within the State of New York as described herein;

Defendant regularly does or solicits business and derives substantial revenue from

services rendered in the State, and a substantial part of the events or omissions giving rise

to Plaintiff's claims occurred in the State of New York, and as such Defendant expects or

should reasonably expect its acts to have consequences within the State and Defendant

derives substantial revenue from interstate commerce.

4.      Venue is proper in this district pursuant to: 28 U.S.C. § 1391(a) and (b)

because a substantial part of the events giving rise to this claim, occurred in this Judicial

District in that Defendant infringed Plaintiff's copyrights within this district, and targeted

its infringing activity at this District and Defendant is subject to personal jurisdiction in

this district.

## NATURE OF THE PARTIES

5.      Plaintiff is a limited liability company duly formed and existing under the

laws of the state of California with its principal place of business located at 1033 6th

Street, Apt 305, Santa Monica, CA 90403.

6.      Upon information and belief, Paradise is a company duly formed and

existing under the laws of the state of Florida with its principal place of business located

at 150 Second Avenue N, Suite 800, St. Petersburg, FL 33701.

7.      Upon information and belief, Paradise regularly transacts business within

the State of New York.

8.      Specifically, upon information and belief, Defendant marketed, promoted and sold the Infringing Advertisements to New York City consumers and businesses by targeted television advertisement campaigns, targeted social media campaigns and other New York targeted online advertisement campaigns, all of which specifically targeted consumers in New York, as opposed to nationwide consumers.

9.      In addition, upon information and belief, Defendant purposefully transacted business with and entered into contracts with third parties within New York State to aid in marketing, promoting and selling the Infringing Advertisements to consumers in New York, including but not limited to Time Warner Cable, Comcast and other cable television networks located in New York.

10.     Upon information and belief, Defendant has clients in New York and regularly provides services in New York.

11.     Upon information and belief, representatives of Defendant regularly travel to New York in connection with conducing Defendant's business.

12.     Upon information and belief, Defendant further regularly does business and/or solicits business in New York and derives substantial revenue from services rendered in the State of New York and Defendant should reasonably expect its acts of infringing Plaintiff's copyrights in New York to have consequences in New York, and Defendant derives substantial revenue from interstate commerce, including from its acts directed towards New York.

## FACTUAL BACKGROUND

13.     Plaintiff provides music production and entertainment services including, but not limited to, selling and licensing its original musical compositions and recordings.

Among other things, Plaintiff furnishes the services of producer, composer and performer, Kerry Muzzey ("Muzzey").

14.     In, or about, 2010 Muzzey, wrote a music composition and recorded a musical track embodying said musical composition entitled, "Tyler's Theme" ("Tyler's Theme").

15.     In, or about, 2009 Muzzey, wrote a music composition and recorded a musical track embodying said musical composition entitled "PB&J" ("PB&J").

16.     Muzzey registered Tyler's Theme with the United States Copyright Office, as well as other works, as part of a collection of music under the title "BearCity (Original Motion Picture Score)" attaining a U.S. Copyright Registration No. PA 1-775-933 with an effective date of March 30, 2011.

17.     Muzzey registered PB&J with the United States Copyright Office, as well as other works, as part of a collection of music under the title "Trailer Music 2" attaining a U.S. Copyright Registration No. PA 1-735-413, with an effective date of March 30, 2011.

18.     By virtue of written agreements, Plaintiff has acquired the right, title, and interest in and to the copyright in Tyler's Theme and PB&J (collectively the "Works"), as well as all rights to income from the Works and the right to prosecute all causes of action for past, present, or future infringement thereof.

19.     At least as early as September of 2009, PB&J was available for sale through various distributors, including iTunes.

20.     At least as early as June of 2010, Tyler's Theme was available for sale through various distributors, including iTunes.

21.     Upon information and belief Defendant Paradise is a multimedia advertising and marketing company which, among other things, produces audio-visual advertisements and commercials for its clients and causes these advertisements and/or commercials to be reproduced, distributed, published, performed and/or broadcasted on media platforms including, but not limited to, television, the Internet, cinema screens, mobile applications and social media platforms.

22.     Upon information and belief, sometime in 2011, Defendant entered into an agreement Collier County, a political subdivision of the State of Florida, Collier County, Naples d/b/a Paradise Coast ("CC"), pursuant to which *inter alia* Defendant would create an annual marketing plan, develop materials, including creative copy and production, develop and implement a website, Internet and social media marketing strategies, and develop and implement advertising and marketing communications to meet CC's objectives.

23.     Additionally, upon information and belief Defendant was responsible for purchasing insertions and advertising space and buying air time for television commercials.

24.     Upon information and belief, Defendant was compensated in the amount of at least three hundred thousand dollars ($300,000) per year for its services ("Defendant's Agency Fee"), plus up to two million dollars ($2,000,000) per year for costs.

25.     Upon information and belief, in addition to the Agency Fee, Defendant was to be compensated for services billed at its hourly rates and would also receive additional commissions.

26.     Upon information and belief, sometime in 2012, Defendant's "new consumer research revealed that [CC's] campaign needed to be refreshed to elevate the brand and appeal to a more upscale target audience for [CC's] luxury beach destination."

27.     Upon information and belief, for "digital social media and print, [Defendant] created story lines instead of headlines and told the message in first person. [Defendant] crafted similar stories for TV and branded videos."

28.     Upon information and belief, Defendant launched the rebranding campaign in 2012 or 2013.

29.     Upon information and belief, Defendant created at least seven (7) TV and branded videos between 2012 and March of 2015 (the "Infringing Advertisements").

30.     Upon information and belief, prior to creating the Infringing Advertisements Defendant had access to the Works.

31.      Upon information and belief, at all times herein Defendant was aware that the Works were copyrighted subject matter owned by Plaintiff.

32.     Upon information and belief, in creating some, or all, of the Infringing Advertisements, Paradise reproduced and utilized Tyler's Theme in timed synchronization with visual images without permission or authorization from Plaintiff.

33.     Upon information and belief, in creating some, or all, of the Infringing Advertisements, Paradise reproduced and utilized PB&J in timed synchronization with visual images without permission or authorization from Plaintiff.

34.     Upon information and belief, in at least one of the Infringing Advertisements Defendant modified Plaintiff's work entitled PB&J.

6

35.     Upon information and belief, by virtue of the above Defendant reproduced and/or made unauthorized derivatives of Plaintiff's Works.

36.     Upon information and belief, beginning in January of 2013, Defendant targeted the Infringing Advertisements towards consumers in New York by among other things buying media spots for the Infringing Advertisements in New York markets.

37.     Upon information and belief, continuing until at least March of 2015, Defendants distributed and transmitted the Infringing Advertisements, to third parties, and as such reproduced and distributed Plaintiff's Works, without authorization from Plaintiff.

38.     Further upon information and belief, beginning in January of 2013 and continuing until at least March of 2015, Defendant authorized and/or licensed the reproduction, distribution, public performance and display of the Infringing Advertisements to third parties, including those located in New York, and as such distributed Plaintiff's Works and authorized the reproduction, distribution, public performance and display of the Plaintiff's Works in New York, without authorization from Plaintiff.

39.     Specifically, upon information and belief, beginning in January of 2013 Defendant placed and contracted with various cable providers to broadcast the Infringing Advertisements (including Plaintiff's Works) on various television channels in New York, on cable systems in New York and/or through the Internet targeting New York consumers without authorization from Plaintiff.

40.     Upon information and belief, beginning in 2012 and continuing until at least March of 2015, Defendant further reproduced, distributed and displayed Plaintiff's

Works by uploading the Infringing Advertisements to CC's website, YouTube and other websites on the internet and specifically targeted the Infringing Advertisements towards consumers in New York through social media, banner ads, geo-targeting, and purchasing advertising with third parties located in New York.

41.     Upon information and belief, the Infringing Advertisements contain samples of recordings of the Works.

42.     Upon information and belief, the Infringing Advertisements have interpolated portions of the Works.

43.     Upon information and belief, a qualitative and quantitatively significant portion of the Infringing Advertisements was appropriated from the Works, without authorization or permission from Plaintiff.

44.     Upon information and belief, portions of the Infringing Advertisements are substantially similar to Tyler's Theme.

45.     Upon information and belief, portions of the Infringing Advertisements are substantially similar to PB&J.

46.     Upon information and belief, there is fragmented literal similarity between the Infringing Advertisements and Tyler's Theme.

47.     Upon information and belief, there is fragmented literal similarity between the Infringing Advertisements and PB&J.

48.     Upon information and belief, the music used in the Infringing Advertisements is strikingly similar to Tyler's Theme.

49.     Upon information and belief, the music used in the Infringing Advertisements is strikingly similar to PB&J.

50.     Upon information and belief, Defendant's above described acts were undertaken without Plaintiff's authorization or permission.

51.     Additionally, upon information and belief, Defendant was aware that it did not have permission to use, reproduce, distribute, perform, or authorize any use, reproduction, distribution, performance or other exploitation of the Works.

52.     Further, upon information and belief, Defendant's infringing acts were willful and deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights in and to the Works.

## COUNT I
## (Copyright Infringement)

53.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 52 as above as if fully set forth herein.

54.     Plaintiff is the owner of a valid the copyright in and to the Works.

55.     Upon information and belief, as described herein Defendant has copied, reproduced, displayed, distributed, authorized the reproduction, display, public performance and distribution, and otherwise exploited, for a commercial purpose, the Works as part of the Infringing Advertisements without authorization or permission from Plaintiff.

56.     Upon information and belief, Defendant has created derivative works utilizing the Works without authorization or permission from Plaintiff, which include but are not limited to the Infringing Advertisements.

57.     Plaintiff did not authorize Defendant to copy, reproduce, display, distribute, perform, license, use, or otherwise exploit, the Works, or any derivative thereof, including, but not limited to in the Infringing Advertisements.

58.     Upon information and belief, Defendant's infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright in and to the Works.

59.     Upon information and belief, Plaintiff has been harmed by the infringement by Defendant of Plaintiff's valid copyright in and to the Works.

60.     Further, upon information and belief, the infringing acts of Defendant has been, are, and, if continued hereafter, will continue to be committed willfully.

61.     As a result of its actions, Defendant is liable to the Plaintiff for willful copyright infringement under 17 U.S.C. § 501.  Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial.  In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504(b).

62.     In the alternative, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

63.     Upon information and belief, statutory damages against Defendant should be enhanced by 17 U.S.C. § 504(c)(2) because of the Defendant's willful copyright infringement.

64.     Plaintiff is also entitled to recover its attorney's fees and costs of pursuant to 17 U.S.C. § 505.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant, as follows:

a)       That Defendant has infringed Plaintiff's rights in the copyright in Tyler's Theme, and PB&J under 17 U.S.C. §501, and that the infringement by Defendant was willful;

b)       For damages suffered by Plaintiff as a result of the infringement complained of herein, as well as disgorgement of any profits attributable to Defendant's infringement, including the value of all gains, profits, advantages, benefits, and consideration derived by Defendant from and as a result of its infringement of Plaintiff's copyrights in Tyler's Theme and PB&J;

c)       In the alternative, if Plaintiff so elects, in lieu of recovery of its actual damages and Defendant's profits, for an award of statutory damages against Defendant, for its acts of willful copyright infringement;

d)       That Defendant, and its members, managers, officers, agents, and employees, and all persons acting in concert with it, be permanently enjoined from infringing, reproducing, distributing, displaying, broadcasting, publishing, licensing, exploiting or making derivative works from Tyler's Theme or PB&J in any manner;

e)       That the Court enters an Order pursuant to 17 U.S.C. § 503 mandating the impounding of all infringing copies of Tyler's Theme and PB&J, including the Infringing Advertisements, and any other materials prepared by Defendant containing any copies or any portions of Tyler's Theme, or PB&J;

f)       For costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

g)       For such other and further relief in favor of Plaintiff as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims for relief and issues triable by jury.

Dated: New York, New York      Respectfully submitted,
       January 14, 2015

                               ADELMAN MATZ P.C.

                               Sarah M. Matz, Esq.
                               Gary Adelman, Esq.
                               *Attorneys for Plaintiff*
                               1173A Second Ave, Suite 153
                               New York, New York 10065
                               Telephone: (646) 650-2207
                               E-mail: sarah@adelmanmatz.com
                               E-mail: g@adelmanmatz.com